IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON SWEET,

        Plaintiff,

   v.

STATE OF OREGON; PATRICK
FLAHERTY, individually and in
his capacity under color of
state law as Deschutes County
District Attorney; and
DESCHUTES COUNTY, a county of
the State of Oregon,

        Defendants.

Civ. No. 6:13-CV-0657-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff Sharon Sweet's claims arise out of alleged discrimination by defendant Patrick Flaherty during plaintiff's employment in the Deschutes County District Attorney's Office.

1 - OPINION AND ORDER

Under federal law, plaintiff alleges violations of 42 U.S.C. § 1983, the Age Discrimination in Employment Act (ADEA), Title VII, and whistleblower retaliation. Plaintiff also alleges state law violations of whistleblower retaliation, wrongful discharge, intentional infliction of emotional distress, and intentional interference with economic relations. Plaintiff brings this action against the State of Oregon (the State), Deschutes County (the County), and Deschutes County District Attorney Patrick Flaherty (Flaherty).

Plaintiff moves for leave to file a first amended complaint. The State opposes the motion to amend because the proposed amendments would be futile. The State also moves to dismiss for lack of subject-matter or personal jurisdiction as well as failure to state a claim. Fed. R. Civ. P. 12(b)(1), (2), (6). Plaintiff's motion to amend is granted, in part, and the State's motion to dismiss is granted.

## BACKGROUND

In June 2006, plaintiff was hired as an investigator for Deschutes County. Plaintiff simultaneously filled two positions. The first position was a 0.75 full-time equivalent (FTE) position with the Deschutes County District Attorney's Office (DAO) as a criminal investigator. The second position was 0.25 FTE with Deschutes County Legal Counsel (Legal Counsel) where plaintiff would perform investigative work for other County

departments. Although these positions were with different offices and entailed different responsibilities, plaintiff received only one paycheck from the County for both positions.

From June 2006 through January 2011, plaintiff worked under Deschutes County District Attorney Mike Dugan for her DAO position. During this four and a half year duration, plaintiff alleges that she received good performance evaluations and had never been disciplined for any reason. On May 18, 2010, however, Dugan lost a highly-contested election to Flaherty.

After Flaherty won the election but prior to taking office on January 3, 2011, plaintiff and eighteen deputy district attorneys filed a petition to unionize with the Oregon Employment Relations Board. Plaintiff participated throughout the unionization process but ultimately was not part of the union due to legal reasons.

On October 7, 2011, Flaherty terminated plaintiff from her position with the DAO. Plaintiff alleges that from the time Flaherty was elected, Flaherty openly opposed the formation of the union. Plaintiff claims that after Flaherty took office, he singled out and terminated plaintiff and other employees because of their involvement with the formation of the union. Plaintiff further claims that she and other County employees were terminated due to their age and gender.

3 - OPINION AND ORDER

On October 20, 2011, plaintiff filed a grievance with the Interim County Administrator Erik Kropp (Kropp) and the Board of County Commissioners (the Board) claiming that she had been wrongfully terminated under County employment policies. Kropp allegedly concluded that Flaherty had violated County personnel policies and ordered Flaherty to reinstate plaintiff to her position with the DAO. Flaherty, however, allegedly refused to cooperate or respond to Kropp. After repeated but ultimately unsuccessful efforts to be reinstated, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC).

On January 30, 2012, Flaherty sent plaintiff a second termination letter. In response to this letter, plaintiff sent a memorandum to Kropp and the Board stating that Flaherty terminated her, in part, in retaliation for her complaint with BOLI and the EEOC. Kropp then advised Flaherty to place plaintiff on administrative leave due to the pending grievance. On March 5, 2012 Flaherty placed plaintiff on administrative leave.

On April 6, 2012 plaintiff filed a second complaint with BOLI claiming, inter alia, that Flaherty retaliated against her because of her first BOLI complaint. Plaintiff further alleges that Flaherty subsequently began investigating her role in formation and involvement with the union. Plaintiff requested

4 - OPINION AND ORDER

that Kropp take action to stop Flaherty's investigation, but the investigation continued.

Despite her initial termination from the DAO, plaintiff continued to work for the County on a full-time basis in different capacities. Kropp informed plaintiff, however, that due to a shortage of work with the County, the full-time position was temporary. On July 1, 2012, the County permanently reduced plaintiff's hours to 0.25 FTE.

Sometime in early 2013, the County investigated Flaherty's actions. After the investigation, the County determined that there was no evidence of a violation of its policy and there was no corrective action that the County could take.

On April 17, 2013, plaintiff filed this action against the State, County, and Flaherty.

## DISCUSSION

Plaintiff moves for leave to file a first amended complaint. The State opposes plaintiff's motion to amend because the amended complaint would be futile as to the State. The State also moves to dismiss for lack of subject-matter or personal jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), (2), (6). The State's opposition to the amended complaint and its motion to dismiss rely on the same argument; namely, that the State is not plaintiff's employer, or if it is

5 - OPINION AND ORDER

plaintiff's employer, it is entitled to sovereign immunity and is immune from suit in federal court.

I.  **Plaintiff's Motion for Leave to Amend**

Leave to amend pleadings should be given "freely" "when justice so requires," and courts apply Rule 15 "with extreme liberality." Fed. R. Civ. P. 15(a)(2); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). Although leave to amend is granted liberally, it is not automatic. See Eminence Capital, 316 F.3d at 1051.

In determining whether a motion to amend should be granted, pertinent factors the court should consider include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether previous amendments have been allowed. United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). These factors are not weighted equally; "futility alone can justify the denial of a motion" to amend. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009).

Here, the State claims that plaintiff's amendments would be futile because the State is either not Flaherty's employer, so it is an improper party, or if it is Flaherty's employer, it is entitled to sovereign immunity. Notably, plaintiff filed her first amended complaint prior to receiving leave from this Court, and the County and Flaherty answered plaintiff's first

6 - OPINION AND ORDER

amended complaint before the motion for leave to amend was granted.

The parties, however, should have waited for the Court to rule on the motion before proceeding on their own accord. Nevertheless, with this admonition, plaintiff's motion for leave to file a first amended complaint is granted as to the proposed claims against Flaherty and the County. The Court addresses the futility of plaintiff's proposed claims against the state in the context of the State's motion to dismiss, as the State's arguments apply to claims asserted in plaintiff's original and amended complaint.

## II. The State's Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. <u>Id.</u> Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7 - OPINION AND ORDER

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

Here, the State claims that it should be dismissed because it is not plaintiff's employer, or alternatively, if it is, sovereign immunity applies. Plaintiff, however, contends that the State should be considered her employer because Flaherty is a joint employee of both the State and the County. Alternatively, plaintiff contends that the State is plaintiff's indirect employer because it, through Flaherty, has control of plaintiff.[1] The fact that Flaherty is an elected official rather than a traditional "hired" employee typically involved in an employment discrimination case presents some unique questions.

There must be some connection between the employer and the employee for employment law protections to apply, but that connection does not necessarily have to be direct. See Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980).

---

[1] Plaintiff argues that the State is plaintiff's employer because the DAO is a State entity while simultaneously and inconsistently arguing that the DAO is not entitled to sovereign immunity because it is not a State entity. However, for purposes of this motion, the Court discusses her arguments that the State is her employer.

8 - OPINION AND ORDER

For two employers to be considered "joint employers," both employers must control the terms and conditions of employment of the employee. See, e.g., E.E.O.C. v. Pac. Maritime Ass'n, 351 F.3d 1270, 1275 (9th Cir. 2003). Likewise, under the indirect employer theory, the employer must have "some peculiar control over the employee's relationship with the direct employer." Anderson v. Pac. Maritime Ass'n, 336 F.3d 924, 932 (9th Cir. 2003) (quotations omitted). Also, the indirect employer must engage in "discriminatory interference" with the employee's relationship with their direct employer. Id.

In Oregon, a District Attorney (DA) may act on behalf of the State for some purposes and on behalf of the county they serve for other purposes. The Oregon constitution states:

> There shall be elected by districts comprised of one or more counties, a sufficient number of prosecuting Attorneys, *who shall be the law officers of the State, and of the counties* within their respective districts, and shall perform such duties pertaining to the administration of Law, and general police as the Legislative Assembly may direct.

Or. Const. art. VII, § 17 (emphasis added).

"[T]he legislature has expressly designated district attorneys as *prosecutors* 'on behalf of the state.'" State v. Coleman, 131 Or. App. 386, 390 (1994) (emphasis added). For example, a DA "conduct[s], on behalf of the state, all *prosecutions*" within their district. Or. Rev. Stat. § 8.660(1) (emphasis added). Also, "[t]he district attorney shall *prosecute*

9 - OPINION AND ORDER

for all penalties and forfeitures to the state . . . for which no other mode of prosecution and collection is expressly provided by statute . . . ." Id. at § 8.680 (emphasis added); see also Kleinman v. Multnomah Cnty., 2004 WL 2359959 at *4 (D. Or. Oct. 15, 2004) (discussing various statutes pertaining to DAs). Several Oregon cases also discuss the DA as a prosecutor for the State. E.g., Kleinman, 2004 WL at *4 (citing several additional cases). Thus, when acting on behalf of the State, a DA is primarily acting as a prosecutor.

On the other hand, when acting on behalf of a county, a DA's role is primarily administrative. For example, the DA hires deputy district attorneys, who are paid by the county. Or. Rev. Stat. §§ 8.780, 8.760. The DA also determines how the budget allocated by the county will be spent on office space, supplies, and additional personnel. Id. at § 8.850.

With respect to control, both the State and the County have some control over a DA. Oregon's constitution states that the Governor "may remove from Office a . . . Prosecuting Attorney . . . for incompetency, Corruption, malfeasance, or delinquency in office, or other sufficient cause stated in such resolution." Or. Const. art. VII, § 20. Further, DAs are paid pursuant to the State's salary plan. Or. Rev. Stat. §§ 8.552, 240.240(2), 240.195. On the other hand, it is the people of the county who elect their DA. Id. at § 8.610. The county also provides

10 - OPINION AND ORDER

additional compensation to DAs and compensation to deputy district attorneys. Id. at §§ 8.830, 8.760. However, the issue is whether the State executed control over plaintiff or her employment relationship with the County.

Nonetheless, plaintiff bases her claim against the State on the facts that eighty percent of Flaherty's salary is paid by the State and the State can remove Flaherty from office in certain instances. However, these allegations merely restate the fact that a DA may act of behalf of the State for some purposes and on behalf of the County for other purposes. Kleinman, 2004 WL at *7-8 (indicating that Oregon district attorneys act for the state in executing prosecutorial functions, but recognizing different result possible if allegations were related to function as employer of county employees); see also Goldstein v. City of Long Beach, 715 F.3d 750, 753-54 (9th Cir. 2013) (applying function-by-function analysis to determine "employer/employee").

Plaintiff correctly acknowledges that "Flaherty acted on behalf of Deschutes County DAO outside of his prosecutorial role." Pl.'s Resp. at 10. Plaintiff, however, also argues that the State was in control of Flaherty and of her, through Flaherty's actions as DA. Her argument does not correspond with plaintiff's attempts to be reinstated, given that plaintiff repeatedly attempted to get reinstated through Kropp and the

11 - OPINION AND ORDER

Board, all of whom are County officials. Even if plaintiff could claim she sought help from the County out of convenience or ignorance, certainly Kropp and the Board would not have attempted to compel Flaherty to reinstate plaintiff if they did not have authority to do so. Plaintiff alleges no facts to suggest that the State exerted control over the terms of her employment or engaged in "discriminatory interference" with respect to plaintiff's employment relationship with the County. Additionally, it was the County that compensated plaintiff and provided plaintiff with alternative temporary employment arrangements.

In sum, there are no facts or law to support the allegation that Flaherty acted on behalf of the State when carrying out his administrative functions as plaintiff's supervisor. Further, plaintiff cites no law that confers authority upon the State to control County employees such as plaintiff, or that otherwise authorizes DAs to act on behalf of the State in this regard. Although Flaherty is a State officer in some respects, when dealing with hiring, firing, and supervision of staff employed by the County, he is acting on behalf of the County. Thus, the State is not plaintiff's employer for purposes of plaintiff's Title VII, the ADEA, or state law claims.

Alternatively, even if the State could be viewed as plaintiff's employer by virtue of its connection to the DAO, the

12 - OPINION AND ORDER

Eleventh Amendment bars plaintiff from suing the State in federal court. E.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

As a result, plaintiff has failed to state a claim against the State upon which relief can be granted. Therefore, the State's motion to dismiss is granted.

## CONCLUSION

Plaintiff's motion for leave to file first amended complaint (doc. 26) is GRANTED with respect to Flaherty and the County, and DENIED with respect to the State. The State's motion to dismiss (doc. 37) is GRANTED, and plaintiff's claims against the State are DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of October, 2013.

_____
Ann Aiken
United States District Judge

13 - OPINION AND ORDER